UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| COURTNEY PIERCE, | ) |
| | ) CIVIL COMPLAINT |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CASE NO. 1:18-CV-1746 |
| COLLECTO, INC. d/b/a EOS CCA | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) **JURY DEMAND** |

## COMPLAINT

Now comes COURTNEY PIERCE ("Plaintiff") complaining as to the conduct of COLLECTO, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.*, and the Ohio Consumer Sales Practices Act ("CSPA") under Ohio Rev. Code Ann. § 1345 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA, and TCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Northern District of Ohio and substantial portion of the events giving rise to the claims occurred within this District.

## PARTIES

4. Plaintiff is a natural person residing within the Northern District of Ohio.

5. Defendant is a third-party debt collector. *About EOS CCA*, EOS CCA (last visited July 20, 2018), https://www.eos-cca.com/Resources/About-EOS-CCA.aspx.

6. Defendant is a Massachusetts corporation, headquartered in Norwell, Massachusetts, that regularly collects upon consumers in Ohio.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. Since May of 2018, Plaintiff has been receiving calls from Defendant in connection with an alleged debt originally incurred with Orkin, LLC for pest control services.

9. Defendant placed calls to Plaintiff's cellular telephone, number 216-xxx-2425 on May 23, 2018 and May 25, 2018.

10. On information and belief, Defendant did not send Plaintiff any mailings either before or within five days after calling Plaintiff.

[2]

11. On June 26, 2018, Plaintiff's mother paid off the alleged debt with the original creditor.

12. Nevertheless, on June 28, 2018, Defendant placed another call to Plaintiff's cellular telephone demanding that Plaintiff pay the now-settled alleged debt.

13. On that call, Plaintiff informed Defendant that the debt had been settled and told Defendant that she would not be paying the same amount twice.  She also told Defendant to stop calling her.

14. Defendant called Plaintiff's cellular telephone again on July 6th to demand that Plaintiff pay the alleged debt.

15. Defendant called Plaintiff's cellular telephone again on July 13th to demand that Plaintiff pay the alleged debt.

16. On each of the calls that Defendant placed to Plaintiff, Plaintiff experienced a pause before a human being came onto the line and initiated communication.

17. On July 20, 2018, Plaintiff and Plaintiff's counsel called Defendant to inquire as to the status of the alleged debt.  Defendant's agent informed Plaintiff and Plaintiff's counsel that the original creditor had withdrawn the account from collection.

## COUNT I—VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff realleges the paragraphs above as though fully set forth herein.

19. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

[3]

20.     Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so. In the alternative, Defendant is a "debt collector" under § 1692a(6) because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

21.     Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others.

22.     The subject alleged debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes, namely a payday loan used for auto repairs.

   a. **Violations of FDCPA § 1692e(2)(A).**

23.     The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

24.     Specifically, § 1692e(2)(A), prohibits a debt collector from making a "false representation of—the character, amount, or legal status of any debt."

25.     Defendant violated § 1692e(2)(A) when it indicated that Plaintiff still owed a debt to Defendant on the calls of June 28, July 6, and July 13, 2018. The natural consequence of these false representations was to harass, intimidate, and oppress Plaintiff.

      **b.  Violations of FDCPA § 1692f(1).**

26.      The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using any "unfair or unconscionable means to collect or attempt to collect any debt." § 1692f(1) further prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense. . .) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

27.      Defendant violated § 1692f(1) when it sought to collect an amount not authorized by the agreement or permitted by law because it had already been discharged with the original creditor.  The natural consequence of these false representations was to harass, intimidate, and oppress Plaintiff.

      **c.  Violations of FDCPA § 1692g(a).**

28.      The FDCPA, pursuant to 15 U.S.C. § 1692g(a), provides that a debt collector, within five days of its initial communication with a consumer, must send the consumer a written notice containing specified information about the nature of the alleged debt and the consumer's right to request verification.

29.      Plaintiff has not received the notice required by § 1692g(a) from Defendant.

30.      Defendant violated § 1692g(a) when it failed to send the required notice within five days of its initial call to Plaintiff.  The natural consequence of this failure was to deprive Plaintiff of knowledge of his rights and thereby increase the harassing and intimidating effect of Defendant's other actions.

## COUNT II — VIOLATIONS OF THE TCPA

31. Plaintiff realleges the paragraphs above as though fully set forth herein.

32. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(A), makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any . . . artificial or prerecorded voice— to any telephone number assigned to a . . . cellular telephone service."

33. Defendant employed an automatic telephone dialing system ("ATDS") when making calls to Plaintiff's cellular telephone, resulting in a characteristic pause between Plaintiff answering the phone and a representative of Defendant coming onto the line.

34. Plaintiff did not consent to Defendant's use of an ATDS to contact her in connection with the alleged debt. Further, any purported consent provided by Plaintiff was revoked when Plaintiff stated on June 28, 2018 that the debt had already been settled and requested that Defendant cease calling.

35. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for $500.00 for each call that used an ATDS.

36. Defendant knew that it was using an ATDS to contact Plaintiff, and it did so willfully.

37. Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to treble damages for any willful or knowing violations by Defendant.

38. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

39. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Plaintiff further prays for treble damages for willful and knowing violations of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

### COUNT III – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

40. Plaintiff realleges the above paragraphs as though fully set forth herein.

41. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

42. Plaintiff is a "person" as defined by R.C. 1345.01(B).

43. Defendant is a "supplier" as defined by R.C. 1345.01(C). *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

44. Debt collection is a "consumer transaction" as defined by R.C. 1345.01(A).

45. R.C. §1345.09(B) thus grants Plaintiff a private right of action against Defendant for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees.

46. Under the CSPA, the Court may award a multiplier for attorney fees for contingency fee cases, such as this one. *Davis v. Mut. Life Ins. Co. of New York*, 6 F.3d 367, 383 (6th Cir. 1993) (citing *Bittner v. Tri-Cty. Toyota, Inc.*, 569 N.E.2d 464 (Ohio 1991)).

      **a.  Violations of the Fair Debt Collection Practices Act.**

47.    Defendant has committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), by engaging in acts and practices in violation of the FDCPA as set forth above.

48.    Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 *et seq.  See, e.g.*, *Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

49.    Defendant committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

50.    Defendant's actions therefore violated the CSPA, and Plaintiff is entitled to compensation.

      **b.  Violations of the Telephone Consumer Protection Act.**

51.    Defendant has violated the CSPA by using an ATDS in violation of the TCPA as set forth above.

52.    Defendant's actions were unfair, deceptive, and unconscionable under the CSPA because they were intended to harass Plaintiff and intimidate Plaintiff into making payments.

53.    Violations of the TCPA (at least to the extent that they are unfair, deceptive, or unconscionable) are violations of the CSPA.  *See, e.g.*, *Ambrose v. Prime Time Enterprises*, No. CV 04 547298, 2005 WL 646147, at *1 (Ohio Com. Pl. Feb. 23, 2005);

*Tower City Title Agency, Inc. v. Phillips*, 2008-Ohio-957, ¶ 5 ("Ohio courts have found that a violation of the TCPA also results in a violation of R.C. 1345.02 of the Ohio CSPA.").

54. Defendant committed such violations after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

55. Defendant's actions therefore violated the CSPA, and Plaintiff is entitled to compensation for each and every violation.

   c. **Violations of R.C. 1345.02(A) and R.C. 1345.03(A).**

56. Defendant has committed unfair, deceptive, and unconscionable acts or practices in violation of the CSPA, R.C. 1345.02(A) and 1345.03(A), by engaging in or using unfair means to collect a debt.

57. Defendant has committed unfair, deceptive, and unconscionable acts or practices in violation of the CSPA, R.C. 1345.02(A) and 1345.03(A), by repeatedly communicating with Plaintiff after being told to stop because the debt had already been settled with the original creditor.

58. Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 *et seq.  See, e.g., State ex rel. Celebrezze v. Scandinavian Health Spa, Inc.*, No. CV863-1158, 1986 WL 363150, at *2 (Ohio Com. Pl. Mar. 31, 1986) ("A supplier who, in its collection of consumer debts, engages in acts, the natural consequence of which is to harass consumers violates O.R.C. § 1345.02(A)"); *State ex rel. Fisher v. Lasson*, No. CV 92 10 0193, 1994 WL 912252, at *5 (Ohio Com. Pl. Oct. 14, 1994) (repetitive calls can be unconscionable).

59. Defendant committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment as follows:

**a.** Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

**b.** Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

**c.** Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

**d.** Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

**e.** Awarding Plaintiff damages in the amount of $500 for each call made in violation of the TCPA;

**f.** Awarding Plaintiff treble damages for willful or knowing violations by Defendant of the TCPA;

**g.** Awarding Plaintiff $200 per violation of the CSPA, plus noneconomic damages up to $5,000 per violation in an amount to be determined at trial, plus reasonable attorney fees;

**h.** Awarding Plaintiff's counsel an enhancement or multiplier of attorney fees pursuant to the CSPA;

**i.** Awarding Plaintiff the costs of this action; and

**j.** Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated: July 27, 2018

By: s/ Jonathan Hilton

Jonathan Hilton (0095472)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
jhilton@hiltonparker.com
